UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHARLES SPANN                                                                           PLAINTIFF

VS.                                                    CIVIL ACTION NO. 4:08cv95-DPJ-JCS

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                                     DEFENDANT

## **ORDER**

This uninsured motorist coverage dispute is before the Court on Defendant's motion for summary judgment [51]. The Court, having fully considered the parties' submissions and the applicable law, finds that the motion should be granted in part and denied in part.

I.     Facts/Procedural History

Plaintiff Charles Spann was involved in a motor vehicle accident on June 24, 2006, when his vehicle was struck by uninsured motorist John Loper. Spann sued Loper in the Circuit Court of Lauderdale County, Mississippi, and obtained default upon Loper's failure to answer. Following the entry of default, but before default judgment, Loper provided notice of the default judgment hearing to his uninsured motorist (UM) carrier, Defendant Allstate Property and Casualty Insurance Company (Allstate). Allstate was not a party to the suit against Loper and now moves for summary judgment, contending that Plaintiff forfeited coverage by failing to give notice. Alternatively, Defendant asserts that it is not bound by the default judgment and that the bad faith claim should be dismissed. Diversity jurisdiction exists, and the matter is ripe for decision.

II.   Analysis

   A.   Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact.  *Id.* at 323.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  *Id*. at 324.  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."  *Little*, 37 F.3d at 1075.  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

B.  Contract Claim

Allstate first contends that Plaintiff forfeited coverage by failing to provide prompt notice and obtain written consent to pursue the suit against the uninsured motorist. Allstate alternatively argues that it is not bound by the default judgment. The relevant policy provisions read in part as follows:

> **Part 3**
> **Uninsured Motorists Insurance Coverage SS**
>
> **General Statement of Coverage**
> If a premium is shown on the policy Declarations for Uninsured Motorists Insurance, we will pay damages which an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of:
>
> 1. Bodily injury sustained by an insured person; and
> 2. Property damage.

Def.'s Motion [51], Ex. A at 13. However, the policy also contains the following notice provision:

> If, at any time before we pay for the loss, an insured person institutes a suit against anyone believed responsible for the accident, we must be given a copy of the summons and complaint or other process. If a suit is brought without our written consent, we aren't bound by any resulting judgment.

*Id.* at 16.

Whether the lack of written consent requires dismissal of Plaintiff's claims is a matter decided under Mississippi substantive law in this diversity action. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 91–92 (1938). In Mississippi, the trial court, not the jury, must determine the meaning and effect of an insurance contract if the contract is clear and unambiguous. *Jackson v. Daley*, 739 So. 2d 1031, 1041 (Miss. 1999) (citing *Overstreet v. Allstate Ins. Co.*, 474 So. 2d 572, 575 (Miss. 1985)). "[I]nsurance policies which are clear and unambiguous are to be

3

enforced according to their terms as written," and "the plain terms of the insurance contract should be binding and controlling." *Sennett v. U.S. Fid. & Guar. Co.*, 757 So. 2d 206, 212 (Miss. 2000).

In the present case, Plaintiff hints at an ambiguity, but the language of the contract could not be more clear when it states, "[I]f a suit is brought without our written consent, we aren't bound by any resulting judgment." Def.'s Motion [51], Ex. A at 16. Written consent was unambiguously required before suit was filed, and Plaintiff failed to comply. Also contrary to Plaintiff's interpretation, this policy language does not somehow limit UM benefits. In fact, it is entirely consistent with Mississippi Code Annotated section 83-11-105, which states in part:

> In the event the owner or operator of the uninsured vehicle causing injury or death is known and action is brought against said owner or operator by the named insured as defined by said policy, then *a copy of the process served upon the owner or operator shall also be served by the circuit clerk mailing, registered mail, a copy of the process to the insurance company issuing the policy providing the uninsured motorist coverage as prescribed by law*.

(emphasis added).

Thus, there is no apparent dispute that Plaintiff failed to comply with the contract provision requiring "written consent" and with the statutory requirements. However, lack of written consent does not void coverage as Defendant suggests. Again, the contract language is clear–failure to obtain written consent merely means that Allstate is not "bound by any resulting judgment." Def.'s Motion [51], Ex. A at 16.

The Mississippi Supreme Court faced a nearly identical question in *State Farm Fire & Casualty Co. v. Wightwick,* when default judgment was obtained in a suit against an uninsured tortfeasor followed by a claim against the UM carrier. 320 So. 2d 373, 375–76 (Miss. 1975). The court held that the insurer was "in no way bound by the [default] judgment" because it was

4

not a party to the initial suit and because it had not been provided written consent as required by the policy. *Id.* at 375. The court noted that it had previously upheld a similar written consent provision in *Saint Paul Fire & Marine Insurance Co. v. Arnold*, 254 So. 2d 872 (Miss. 1971) ("Saint Paul, not having consented to the action against Geter, is not bound thereby, and Arnold can only prove his case against Saint Paul in a direct action against it."), *cited in Wightwick*, 320 So. 2d at 375. *Wightwick* is dispositive.

Finally, Mississippi is not alone in this holding. According to a leading commentator on insurance law,

> [a] default judgment generally does not trigger res judicata binding an insurer who was not a party to the prior suit, in large part because of the inherent potential for both fraud between the insured and a third party, and the lessened incentive to vigorously litigate if the insured is judgment proof, willing to gamble on the insurer being found liable for the vast majority of damages, or the like.

17 Couch on Insurance § 239:23 (3d ed. 2009). The Court finds that the default judgment does not establish the damages in this case but that the lack of written consent does not void coverage.[1]

    C.    Bad Faith

The Fifth Circuit Court of Appeals recently summarized the test for determining whether bad faith should be presented to the jury under Mississippi substantive law.

> "In insurance contract cases, the trial court is responsible for reviewing all evidence before it in order to ascertain whether the jury should be permitted to decide the issues of punitive damages." *Lewis v. Equity Nat'l Life Ins. Co.*, 637

---

[1] Defendant cites *Rampy v. State Farm Mutual Automobile Insurance Co.* for the proposition that lack of notice will void coverage. However, *Rampy* also noted that a showing of prejudice is required before forfeiture will be sanctioned. 278 So. 2d 428, 435 (Miss. 1973). Defendant has made no such showing in this case and could not, given that it is not bound by the default judgment.

5

So. 2d 183, 185 (Miss. 1994) (internal quotations omitted). If, upon reviewing all the evidence, the district court concludes that the insurer acted in bad faith, or that reasonable minds could differ regarding whether the insurer acted in bad faith, then the district court should send the issue of punitive damages to the jury. *Id*. at 185-86. . . .

[Insureds] bear the burden of proving that [the insurer] acted in bad faith when it denied their insurance claim. [*U.S. Fid. & Guar. Co. v.*] *Wigginton*, 964 F.2d [487] at 492 [(5th Cir. 1992)].

Section 11-1-65(1)(a) of the Mississippi Code Annotated states that "[p]unitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." Mississippi law does not permit parties to recover punitive damages unless they first prove that they are entitled to compensatory damages. Miss. Code Ann. § 11-1-65(1)(b)-(c); *Sobley* [*v. S. Natural Gas Co.*], 302 F.3d [325] at 330 [(5th Cir. 2002)].

To recover punitive damages for bad faith denial of their insurance claim, the [insured] "must show that the insurer denied the claim (1) without an arguable or legitimate basis, either in fact or law, and (2) with malice or gross negligence in disregard of the insured's rights." *Wigginton*, 964 F.2d at 492. [The insurer] on the other hand, "need only show that it had reasonable justifications, either in fact or in law, to deny payment." The question of whether [the insurer] had an arguable basis for denying the . . . claim "is an issue of law for the court." *Id*.

*Broussard v. State Farm Fire & Casualty Co.*, 523 F.3d 618, 627-28 (5th Cir. 2008). Plaintiff fails to demonstrate either prong of the test.[2]

---

[2] In *Reserve Life Insurance Co. v. McGee*, the Mississippi Supreme Court provided the following frequently cited articulation of the test: "In the event the trial court determines that as a matter of law it cannot hold that the insurer had a legitimate and arguable defensive position, but that the evidence constituted disputed facts as to whether or not such situation existed, then the trial court should submit that issue to the jury." 444 So. 2d 803, 809 (Miss. 1983), *cited in Kendrick v. Miss. Farm Bureau Ins*., 996 So. 2d 132, 135 (Miss. Ct. App. 2008); *Miss. Power & Light v. Cook*, 832 So. 2d 474, 481 (Miss. 2002); *Andrew Jackson Life Ins. Co. v. Williams*, 566 So. 2d 1172, 1185 (Miss. 1990).

First, an arguable basis is "one in support of which there is some credible evidence." *Brien v. Equitable Assurance Soc'y of the U. S.*, 211 F.3d 593, No. 99-60416, 2000 WL 329186, at *1 (5th Cir. Mar. 17, 2000) (unpublished table decision) (citing *Guy v. Commonwealth Life Ins. Co.*, 894 F.2d 1407, 1411 (5th Cir. 1990)). Significantly, an arguable basis may exist even in the face of evidence to the contrary. *See Blue Cross & Blue Shield, Inc. v. Campbell*, 466 So. 2d 833, 851 (Miss. 1984) (holding that although "[t]here may well be evidence to the contrary," an arguable basis exists "if there is some credible evidence that supports the conclusions on the basis of which he acts"); *see also*(*Guy*, 894 F.2d at 1411 ("The existence of evidence to the contrary does not deprive an insurer of its 'arguable reason.'")).

In this case, Plaintiff primarily asserts that the $250,000 default judgment removed Allstate's arguable basis for claiming that damages were less than the $75,000 policy limits. However, as addressed above, Allstate was correct in maintaining that the default judgment was in no way binding. As such, Allstate had an arguable basis for refusing to accept Plaintiff's demand.

Second, Plaintiff has not demonstrated that Allstate acted "with malice or gross negligence in disregard of the insured's rights." *Wigginton*, 964 F.2d at 492. Plaintiff incurred $23,180.00 in medical bills and has been offered $50,000 to settle. The Court finds no evidence in this record sufficient to meet Plaintiff's "heavy burden" of proving malice. *See U. S. Fid. & Guar. Co. of Miss. v. Martin*, 998 So. 2d 956, 970 (Miss. 2008) (affirming summary judgment for lack of proof of malice). Plaintiff is not entitled to punitive damages.

III. Conclusion

For the reasons stated, Defendant's motion is denied to the extent it seeks dismissal of Plaintiff's claims, but it is granted to the extent it seeks a ruling that the default judgment does not bind the determination of damages. The motion is also granted as to punitive damages.

**SO ORDERED AND ADJUDGED** this the 28th day of October, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE